# Exhibit  10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
HALLMARK LICENSING COMPANY, LLC,
and HALLMARK MARKETING. LLC,

          *Plaintiffs,*                              17-cv-2149 (LDW)(AYS)

   -v.-

DICKENS, INC.,

                                                **REQUESTS FOR PRODUCTION**
          *Defendant/Third-Party Plaintiff,*       **OF DOCUMENTS**

   - v.-

RONALD PARODI, MICHAEL ALLEGRA,
JOSEPH ALLEGRA AND STERLING CARD
& GIFT SHOP, INC.,

          *Third-Party Defendants.*
------------------------------------------------------------X

       Pursuant to Fed. R. Civ. P. 34, Defendant/Third Party Plaintiff Dickens, Inc., ("Dickens")

requests that Hallmark Licensing, LLC and Hallmark Marketing Company LLC (collectively

"Hallmark") produce and permit inspection and copying of the following documents:

### A. Instructions

       1.      Pursuant to FRCP Rule 34(a), Dickens acknowledges that these requests are limited

to the scope of FRCP Rule 26(b), and ask that should the requested party be unable or unwilling

to produce certain documents because they allegedly fall outside of such scope, such party provide

a brief explanation as to the reason why said documents fall outside the scope of the request.

       2.      If certain requests are duplicative of previous requests to which documents have

already been produced, the requested party need not reproduce such documents but is asked to

notify Dickens that such documents are among those already produced and to state with reasonable

particularity their location within the produced documents.

3.      To the extent the requested party declines to provide any requested documents, asserting a privilege, such party should provide a full privilege log.

4.      Pursuant to FRCP Rule 34(b)(2)(E), when the requested party produces requested documents, including electronically stored information (ESI), please produce such documents or ESI as they are kept in the usual course of business or organize and label them to correspond to the categories in the request.

## B. Definitions

1.      The words "any" and "all" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

2.      "Communication" and "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (e-mail), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

3.      "Copies of" as set forth in the Instructions to this discovery request means authentic duplicates of the originals as noted, kept, maintained, and organized by the requested party in the ordinary course of business.

4.      "Discussion," "discussions," "discuss," "discusses," "mention," "mentions,"

"describe," "describes," "analyze" or "analyzes" means any and all inquiries, conferences, conversations, negotiations, agreements or other forms or methods of oral communication or such dialogue sent via e-mail, facsimile, letter, telegram, or other written communication.

5.      "Document," "documents," " internal communication," "internal communications," "record," "records," "written communication," "written communication," and "written correspondence" means any recording of information, in any media and by whatever means, in your actual or constructive possession.

6.      "Electronically stored information" and "ESI" is information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software.

7.      The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

8.      "Request," and "Requests" mean and are limited to the numerical requests set forth in this motion for production of documents.

9.      "Hallmark," mean the entities bringing the underlying action and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of Hallmark.

10.     "Film" includes any medium by which moving images are stored.

3

## C. Document Requests

1.　　　All documents, communications, photographs, or films that concern, in any way, a visit made to Dickens by Ronald Parodi and/or Michel Allegra and/or Joseph Allegra on or about March 29, 2017, whether such documents, communications, photographs, or films were made before, during or after, such visit.

2.　　　All records in Hallmark's actual or constructive possession of sales of Hallmark products to Dickens from January 1, 1990 to date, regardless of whether such record was created by Hallmark.

3.　　　Copies of any press releases issued by or on behalf of Hallmark relating to Hallmark's instant lawsuit against Dickens.

4.　　　Copies of all communications between Hallmark and "The Kansas City Star" in April 2017, that mention Dickens and/or "James Chou."

5.　　　Copies of all communications related to Hallmark's instant lawsuit against Dickens by and between the Fox Rothschild law firm and any employee or agent of the website "LAW360" (www.law360.com).

6.　　　Copies of all communications related to Hallmark's instant lawsuit against Dickens by and between the Fox Rothschild law firm and the website "Above the law" (http://abovethelaw.com).

7.　　　With regard to a lawsuit filed against Hallmark by Blue Mountain Arts/Hartford House Ltd. (Case No. 3:88-mc-00676) in federal district court in Colorado in or about 1988 for copyright infringement and/or other claims, please provide (a) records pertaining to any investigation undertaken at Hallmark's request or direction of Dickens' or James Chou's

4

involvement in the litigation; and (2) any document reflecting the settlement between Hallmark and Blue Mountain Arts.

8.      Provide any documents relating to Hallmark's request, made in an April 15, 1991 letter from Hallmark's Assistant General Counsel Barry Katz, that James Chou substantiate his claim that "certain of [Dickens'] products outsell Hallmark brand greeting cards."

9.      Provide documents that in any way concern or address James Chou's May 10, 1993 letter to Don Hall concerning Dickens' development or sale of electronic greeting cards and/or Hallmark's trade restriction.

10.     Provide copies of any communications between Hallmark and Popwin Giftware Manufacturing Co., Ltd. ("Popwin"), during 1995-1996, pertaining to orders placed by Hallmark with Popwin, including but not limited to any communications in which Hallmark sought Popwin's agreement to cease or limit its business with Dickens.

11.     Provide copies of any documents reflecting an investigation from Hallmark in or about 1997 pertaining to Dickens' sale of Hallmark cards in Dickens' Jericho, New York store for 29 cents apiece.

12.     Provide all documents in your actual or constructive possession reflecting the last five shipments of Hallmark products from NorthStar Pulp and Paper Co., Inc. ("NorthStar"), to Roger Slate or CMC Sales.

13.     Provide copies of any documents in Hallmark's actual or constructive possession, from 1990 to the present, mentioning James Chou or Dickens.

14.     Provide copies of any documents reflecting Hallmark's belief or knowledge,

before March 2017, that NorthStar had sold Hallmark products for purposes other than their

destruction.

Dated: New York, New York
        October 10, 2016

                                            /s/
                                    _____
                                    Peter S. Smith, Esq.
                                    Law Offices of Peter S. Smith, PLLC
                                    54 Main Street
                                    P.O. Box 669
                                    Northport, N.Y. 11768
                                    Phone: (631) 897-9374
                                    Fax: (631) 610-3612
                                    Email: smithlawfirm@msn.com

                                    Richard W. Levitt
                                    Levitt & Kaizer
                                    40 Fulton Street, 23rd Floor
                                    New York, New York 10038
                                    Tel.: (212) 480-4000
                                    Fax: (212) 480-4444
                                    rlevitt@landklaw.com

                                    *Attorneys for Defendant/Third Party Plaintiff
                                    Dickens, Inc.*