**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

HALLMARK LICENSING, LLC and
HALLMARK MARKETING COMPANY, LLC ECF Case

                Plaintiffs, Civil Action No.: 17-cv-2149 (SJF) (AYS)

        - against -

DICKENS INC.,

              Defendant.

-----------------------------------------------------------X

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT'S OBJECTIONS TO**
**MAGISTRATE'S REPORT AND RECOMMENDATION**

Hallmark submits this Sur-Reply Brief pursuant to the Court's April 16, 2020 Order.

Dickens sought permission to file a Reply Brief to "correct" a record that required no correction.

Both of the Hallmark arguments that Dickens characterize as "erroneous" are not for the following

reasons.

*First*, Dickens clearly and unequivocally called the Enterprise Agreement a service

contract in its initial brief to Judge Shields, and Hallmark accurately quoted from that brief.

Dickens now says that while it called the agreement a service contract when arguing the agreement

did not apply, Dickens also argued alternatively that, if the agreement did apply, it was a purchase

agreement. This not only shows that Hallmark's quote was not misleading, but also shows Dickens

continues to "speak out of both sides of its mouth." Whether or not Dickens was arguing in the

alternative is irrelevant to whether Hallmark properly quoted Dickens' brief.

The important point here is that Dickens characterized the Enterprise Agreement as a

"service agreement" in its initial brief, and then after Hallmark pointed out Dickens'

characterization in Hallmark's response to Dickens' Objections, Dickens then sought to file a

Reply Brief that emphasizes its "alternative" characterization of the Enterprise Agreement. The

nature of an agreement – service or purchase – does not change based on what a non-party to that agreement (such as Dickens) argues about its applicability.

*Second*, with regard to the law in the Second Circuit, Hallmark again accurately quoted from Dickens' briefing, which directly quotes the Second Circuit "first sale" test noted in *Ryan v. Volpone Stamp Co., Inc.* The quote shows how district courts apply the Second Circuit's two-part first sale test, which makes clear that if the first step showing an unauthorized original sale is established, a court need not proceed to the second question regarding genuineness: "'[i]f the trademark owner did not approve ***the original sale***, the goods cannot be considered genuine ***as a matter of law*** and infringement is established.'" *See* D.E. 115 at 10 (quoting *Ryan v. Volpone Stamp Co., Inc.*, 107 F. Supp. 2d 369, 382 (S.D.N.Y. 2000) (emphasis added). When quoting this language, Dickens did not distinguish it or otherwise argue it should not be followed. Dickens now tries to suggest the sentence does not relate to the two-part test; a plain reading of *Ryan* shows Dickens' assertion is incorrect.

Furthermore, Dickens doubles down on its wayward position when it suggests the quote from *Ryan* is inconsistent with the following quote from page 20 of the R&R:

> [T]he 'unauthorized sale' of trademarked goods, standing alone, is insufficient to support a claim of infringement. *HL Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc.*, 879 F.2d 1005, 1023 (2d Cir. 1989).

The Magistrate Judge's R&R and *Ryan* – upon which the R&R heavily relies – are not inconsistent in any way. Rather, the above quote from *Ryan* simply states that an unauthorized sale, standing alone, is not enough to show infringement, which is true. An unauthorized sale, for example, after an unauthorized first sale would not, standing alone, show infringement. *Ryan* does not suggest something different, nor does Hallmark by relying on *Ryan*. Rather, *Ryan* states an unauthorized original sale – i.e. the first sale – is sufficient to show infringement without having to separately show lack of genuineness. This is the law in the Second Circuit, and the R&R, far

2

from suggesting otherwise, in fact reinforces this point on page 12 when the R&R states "'[i]f the first sale [] was not authorized, then the [goods] cannot be genuine for infringement purposes.'" *Id.* (quoting *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 979 F. Supp. 224, 231 (S.D.N.Y. 1997)).

Both "corrections" that Dickens attempts to make in its Reply Brief to Hallmark's Response to Defendant's Objections are unnecessary and misguided. One only need look at the source material to confirm that Hallmark has not misstated or mischaracterized the issues of which Dickens complains.

Date:   May 1, 2020

**FOX ROTHSCHILD LLP**

By:   /s/ Jeffrey J. Bouslog
           Jeffrey J. Bouslog, Esq.
           (admitted *pro hac vice*)

222 South Ninth Street
Campbell Mithun Tower–Suite 2000
Minneapolis, Minnesota  55402
Telephone:     (612) 607-7000
Facsimile:     (612) 607-7100

Brian Berkley, Esq. (admitted *pro hac vice*)
Ryan N. Miller, Esq.
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania  19103
Telephone:     (215)-299-2000
Facsimile:     (215) 299-2150

Alexandra L. Sobol, Esq.
101 Park Avenue, 17th Floor
New York, New York  10178
Telephone:     (212) 878-7900
Facsimile:     (212) 692-0940

Attorneys for Plaintiffs Hallmark Licensing, LLC
and Hallmark Marketing Company, LLC